**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRECKENRIDGE PHARMACEUTICAL, INC., | ) | |
| Plaintiff, | ) | C.A. No. 24-571-GBW |
| v. | ) | **REDACTED PUBLIC VERSION** |
| HETERO USA, INC., HETERO LABS LIMITED UNIT-III, HETERO LABS LIMITED, and CAMBER PHARMACEUTICALS, INC. | ) | |
| Defendants. | ) | |

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS REGARDING DISCOVERY DISPUTE**
**(D.I. 60)**


OF COUNSEL:

Christopher J. Sorenson
MERCHANT & GOULD PC
150 South Fifth St., Suite 2200
Minneapolis, MN 55402
(612) 332-5300
csorenson@merchantgould.com

Jason M. Wiener
MERCHANT & GOULD PC
1900 Duke Street, Suite 600
Alexandria, VA 22314
(703) 684-2500
jwiener@merchantgould.com

Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com

*Attorneys for Plaintiff*
*Breckenridge Pharmaceutical, Inc.*


Dated: March 13, 2025

Dear Judge Williams,

Pursuant to the Court's March 11, 2025 Order (D.I. 60), Plaintiff Breckenridge Pharmaceutical, Inc. ("Breckenridge") submits this letter seeking an order compelling Defendants Hetero USA, Inc., Hetero Labs Limited Unit-III, Hetero Labs Limited, and Camber Pharmaceuticals, Inc. (together "Hetero") to clearly and fully respond to Breckenridge's Interrogatories, which ask Hetero to provide the bases for its asserted counterclaims.

This case concerns Hetero's willful infringement of Breckenridge's patents. Before Breckenridge brought this suit, Breckenridge twice attempted to engage Hetero to discuss the relevance of Breckenridge's patents to Hetero's dabigatran etexilate mesylate ("Dabigatran") products at issue.[1] In April 2022, Breckenridge informed Hetero of the issuance of the '729 patent and invited Hetero to discussion regarding its Dabigatran products.[2] Hetero's Director of Intellectual Property at Hetero USA, Inc. acknowledged receipt and responded that he would "look into this matter and respond … as appropriate."[3] Hetero did not respond further. Nor did Hetero respond to Breckenridge's letter in October 2023, informing Hetero of the issuance of the '142 patent and again inviting discussion regarding the Breckenridge patents.[4]

Hetero launched its infringing Dabigatran products in September 2022 with knowledge of Breckenridge's '729 patent and continued selling its infringing products after becoming aware of Breckenridge's '142 patent.

Breckenridge filed the Complaint in this action in May 2024, asserting willful infringement by Hetero. Hetero provided its Answer and Counterclaims on July 19, 2024. Hetero's counterclaims seek declaratory judgment of non-infringement and invalidity of the '729 and '142 patents. Hetero's threadbare counterclaims provided no bases or substantive details or support for the relief sought.[5]

Seeking clarity, Breckenridge served its First Set of Interrogatories (Nos. 1-7) on August 9, 2024. Interrogatory Nos. 1-4 seek a detailed description of the factual and legal bases and supporting evidence for Hetero's non-infringement and invalidity counterclaims of which Hetero was aware on July 19, 2024.[6] These interrogatories were clear in that they seek, *inter alia*, facts of which Hetero was aware, prior to or on the date it filed its counterclaims, to support those counterclaims.

On September 9, 2024, Hetero served its objections and responses.[7]

---

[1] Exhibit A: 5-10-2024 Complaint ¶¶ 43-47.
[2] Exhibit B: 4-8-2022 Breckenridge Ltr. to Hetero (BR-DAB-00001974).
[3] Exhibit C: 4-12-2022 Hetero Response to Breckenridge (BR-DAB-00001972-73).
[4] Exhibit D: 10-23-2023 Breckenridge Ltr. to Hetero (BR-DAB-00001975).
[5] Exhibit E: 7-19-2024 Hetero Counterclaims.
[6] Exhibit F: 8-9-2024 Breckenridge First Set of Interrogatories at Rog Nos. 1-4.
[7] Exhibit G: 9-9-2024 Hetero Objections and Responses to Breckenridge's First Set of Interrogatories at 4-9.

Regarding the infringement interrogatories, Hetero provided voluminous objections and then provided a two-part response which fails to substantively respond to the interrogatories. First, Hetero responded that "Hetero's investigation into the non-infringement of the patents-in-suit [ ] is continuing in nature. Fact discovery has barely begun in this case."[8] However, the stage of fact discovery is not pertinent, as the interrogatories seek the information Hetero had and relied on in July 2024. Second, Hetero relied on FRCP 33(d) to gesture toward certain ANDA documents and prescribing information. These references, however, in no way elucidate the facts supporting Hetero's non-infringement counterclaims as of July 19, 2024 and did not provide any meaningful response to Interrogatory Nos. 1-2.

Regarding the invalidity interrogatories, Hetero gave a myriad of objections but committed to responding "by serving on Plaintiff its Initial Invalidity Contentions."[9] In reliance on this, Breckenridge did not press the issue. However, Hetero's December 16, 2024 Initial Invalidity Contentions did not provide any meaningful response to Interrogatory Nos. 3-4. Hetero's contentions broadly set out arguments under §103 and §112, but did not in any way describe facts or evidence known to Hetero on July 19, 2024 to support its counterclaims.

Breckenridge is entitled to know the facts and evidence supporting Defendants' counterclaims. *Asta Funding, Inc. v. Your Wellbeing, LLC*, 2012 WL 2299391, *4 (D.N.J. June 14, 2012) (finding Plaintiff entitled to response to interrogatories which "inquire into the factual basis for the allegations forming the foundation for Defendants' Counterclaim" because "[i]nterrogatories seeking the underlying factual basis of a party's claims are allowed"); *see also Scovill Mfg. Co. v. Sunbeam Corp.*, 61 F.R.D. 598, 601 (D. Del. 1973) (agreeing that solely providing a list of prior art patents in response to an interrogatory regarding invalidity was insufficient and requiring plaintiff to "state the bases for its contentions that each patent in suit is invalid and to set forth the prior art supporting such contentions"); *cf. PACT XPP Schweiz AG v. Intel Corporation*, C.A. No. 19-1006 (D. Del., May 18, 2020), D.I. 86 ("[the defendant's] bases for its marking defense are relevant to its marking defense and therefore fall within the broad scope of relevant under Rule 26").

Breckenridge explained this to Hetero during the parties' meet and confer on March 3, 2025. However, relying on claims of privilege and timeliness, Hetero insisted that it did not need to supplement its responses to Interrogatory Nos. 1-4. Hetero's blanket objections are improper—to have lodged these counterclaims, Hetero surely must have had sufficient bases to do so and was in possession of supporting facts. If Hetero did not, it should say so in its response to the pending interrogatories. Further, Hetero cannot shield the counterclaims it asserted from discovery on the basis of the attorney-client privilege or work-product immunity, as Breckenridge is entitled to learn the factual bases for Hetero's counterclaims at the time of the pleading.

Breckenridge respectfully requests the Court compel Hetero to supplement its responses to Interrogatory Nos. 1-4 to explain the bases for Hetero's counterclaims, as Hetero understood them when it filed the counterclaims on July 19, 2024.

---

[8] *Id.* at 5, 6.
[9] *Id.* at 7-9.

Respectfully,

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)

Attachments

cc: All Counsel of Record (By E-mail with Attachments)

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2025, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Kenneth L. Dorsney
Cortlan S. Hitch
Morris James LLP
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Dennies Varughese
Adam C. LaRock
Alexander V. Alfano
Ryan N. Kaiser
Christopher Coleman
Christopher M. Gallo
Sterne, Kessler, Goldstein & Fox, P.L.L.C.
1101 K Street, N.W.
10th Floor
Washington, D.C. 20005

*/s/ Sara M. Metzler*
Sara M. Metzler (#6509)
metzler@rlf.com