IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRECKENRIDGE PHARMACEUTICAL, INC., <br><br>          Plaintiff, <br><br> v. <br><br> HETERO USA, INC., HETERO LABS LIMITED UNIT-III, HETERO LABS LIMITED, and CAMBER PHARMACEUTICALS, INC., <br><br>          Defendants. | Civil Action No. 24-00571-GBW |

## MEMORANDUM ORDER

AND NOW, this 1st day of April 2025, the Court, having reviewed and considered the letter briefs of Plaintiff Breckenridge Pharmaceutical, Inc. ("Breckenridge") and Defendants Hetero USA, Inc., Hetero Labs Limited Unit-III, Hetero Labs Limited, and Camber Pharmaceuticals, Inc. (together "Hetero") concerning the numerous discovery disputes between the parties (D.I. 50, D.I. 51, D.I. 52, D.I. 53), HEREBY ORDERS as follows:

1. Breckenridge's request to compel Hetero "to clearly and fully respond to Breckenridge's Request for Admission Nos. 2-8 ('RFAs 2-8')" is DENIED. Breckenridge claims that Hetero has not "clearly and fully" responded to RFAs 2-8. D.I. 50 at 1. However, as Breckenridge's own letter brief, D.I. 50, summarizes, Hetero has provided responses to RFAs 2, 4-5, 7-8. *Id.* at 2. Hetero does not "refuse to admit (or deny)" in any of its responses. *Id.* Rather, Hetero responds to each of the RFAs. Also, contrary to Breckenridge's claims that "[t]he RFAs do not employ any terms that require construction, and do not seek any legal conclusions", *Id.* at 1, there is clearly a dispute

between the parties as to the construction of the term "two distinct types of particles" which may need to be construed by the Court. See D.I. 53 at 1; D.I. 46-1 at PageID 318. Hetero contends that the term should be construed according to its plain and ordinary meaning – i.e., "a first type of particle that is not in contact with a second type of particle," or, alternatively, that the term is indefinite." *Id.* at ECF pages 16-17. Breckenridge contends that the term does not require construction and its plain and ordinary meaning is "two different types of particles." *Id.* Given the claim construction dispute and that the parties are beginning the process of claim-construction briefing, the Court finds Hetero's responses to RFAs 2-8 sufficient at this stage. The adequacy of those responses can and should be reevaluated and supplemented, if necessary, after the Court's claim construction order construing the terms "two different types of particles", "type of particle", or any other terms in dispute in the RFAs which are properly and timely identified by the parties for claim construction.

2. Breckenridge's request to compel Hetero to respond to Breckenridge's Interrogatory Nos. 19-20 is GRANTED. In Interrogatories Nos. 19-20, Breckenridge asked Hetero to describe in detail the Hetero "'company policy and business ethics' referred to in its April 12, 2022 email communication." D.I. 50 at 3. Both parties agree that Hetero responded that it had no written policy. *See id.*; D.I. 53 at 3. However, a written policy is not the same as having no policy at all. Thus, Hetero shall respond in writing to Interrogatory Nos. 19-20 by describing any company policy and business ethics, oral or written, that Hetero had at the time of the April 12, 2022 communication referenced in the interrogatories.

2

3. Hetero's request to compel Breckenridge to comply with Hetero's RFP No. 36 ("RFP No. 36"), by producing Breckenridge's entire ANDA No. 207922 and all documents and communications related thereto, is DENIED. Hetero claims that RFP No. 36's request for "Breckenridge's ANDA No. 207922 and documents and communications related thereto" is both relevant and proportional to the needs of the case. D.I. 51 at 1, 2. Breckenridge responds that the entirety of its ANDA No. 207922 and the documents and communications related thereto is too broad of a request, is not all relevant to any claim or defense, and its production is not proportional to the needs of this case. D.I. 52 at 1. While some information pertaining to the FDA's review of Breckenridge's ANDA Product (if sold one day)" may be relevant to Breckenridge's reasonable royalty damages and claim for injunctive relief, the production of Breckenridge's entire ANDA and all documents and communications related thereto, which is what RFP No. 36 is seeking, is not proportional to the needs of this case and some of those documents are not relevant to any claim or defense in this case. Courts in this district have held that it is "overbroad to require a patentee to disclose all of its products that practice any claim of the patent-in-suit, including those products that only practice claims that are not asserted in this litigation." *Leader Techs. Inc. v. Facebook Inc.*, No. CIV. 08-862-JJF-LPS, 2009 WL 3021168, at *2 (D. Del. Sept. 4, 2009). At this time, Breckenridge has not alleged the product that is the subject of its ANDA practices any of the asserted claims of the patents-in-suit. D.I. 52 at 2. Thus, Hetero's RFP No. 36, as drafted, is too broad and is not proportional to the needs of this case.

4. Hetero's request to compel Breckenridge to comply with Hetero's RFP No. 67 ("RFP No. 67") is GRANTED-IN-PART and DENIED-IN-PART. In RFP No. 67, Hetero requests

"documents sufficient to show Breckenridge's plans to launch any dabigatran product." D.I. 51 at 1. Breckenridge responds that such information regarding launch plans for pharmaceutical products falls outside the permissible bounds of discovery. D.I. 52 at 3. Courts in this district have allowed some discovery for product launches with regard to "an estimated schedule for potential regulatory approval, market forecasts, and sales projections" except for those documents regarding the timing of a potential launch. *See, e.g, United Therapeutics Corp. v. Liquida Techs., Inc.*, No. CV 23-975-RGA-SRF, 2024 WL 4791943, at *4 (D. Del. Nov. 12, 2024) (citing *Amgen Inc. v. Zydus Pharms. (USA) Inc.*, 2020 WL 10140955, at *4 (D.N.J. May 22, 2020)). Here, Breckenridge has already agreed "to search for and produce non-privileged documents if located that pertain to any market analyses for dabigatran etexilate mesylate capsule products in the United States." D.I. 52 at 2. To be clear, as part of its production in response to RFP No. 67, Breckenridge shall search for and produce all documents regarding Breckenridge's plans to launch any dabigatran product, but not including those documents regarding the timing of the potential launches.

5. Hetero's request to compel Breckenridge to comply with Hetero's RFP No. 1 ("RFP No. 1") is DENIED. RFP No. 1 requests "certain non-Hetero information concerning the research and development of products allegedly covered by the asserted patents." D.I. 51 at 1. Again, it is unclear what Hetero properly requests aside from Breckenridge's entire ANDA. D.I. 52 at 3. RFP No. 1, as drafted, is too broad and requests documents and information not relevant to any claim or defense in this case and not proportional to the needs of this case. For those reasons, the request is DENIED.

6. Hetero's request to compel Breckenridge to comply with Hetero's RFP No. 21 ("RFP No. 21") is DENIED. RFP No. 21 requests "information relating to the marketing and commercialization of *any* product embodying the patents." D.I. 51 at 1 (emphasis added). Hetero's dabigatran products are the products at issue in this case, and Breckenridge represents that it does not have a commercial product on the market. D.I. 52 at 3. Thus, the request is DENIED.

7. Hetero's request to compel Breckenridge to comply with Hetero's RFP Nos. 60 and 61 ("RFPs Nos. 60 and 61") is DENIED. In RFPs Nos. 60 and 61, Hetero "seeks documents that Breckenridge produced as part of Hatch-Waxman litigation between Breckenridge and Boehringer, including Breckenridge's ANDA and any agreements between Breckenridge and Boehringer." D.I. 51 at 1. Hetero claims producing those documents would not be burdensome because "Breckenridge's counsel is the same in both cases." *Id.* at 2. Breckenridge responds that "[d]ifferent drug products, not accused of infringing the patents-in-suit, are simply not relevant to this case." D.I. 52 at 3 (citing *AbbVie Inc. v. Boehringer Ingelheim Intl. GmbH*, No. 17-CV-01065-MSG-RL, 2019 WL 1428361, at *2 (D. Del. Mar. 29, 2019) (denying discovery regarding unacused products because the probative value "is outweighed by the likelihood of unfair harm [] through the disclosure of sensitive competitive information")). The Court agrees with Breckenridge. Thus, the request is DENIED.

8. Hetero's request to compel Breckenridge to respond further to Interrogatory No. 6 is GRANTED. In Interrogatory No. 6, Hetero requests Breckenridge to "identify any and all products— whether or not currently on the market—that Breckenridge contends embody any of the claims of the Patents-in-Suit." D.I. 51 at 1. Breckenridge responds by

5

citing *Zenith Laboratories, Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994) for the proposition that "the proper infringement inquiry is that of the accused products and the claims of the patents – not the products of other parties." D.I. 52 at 3. However, that language is only referring to infringement analysis and does not factor in the relevancy and need for that information with respect to the parties' respective damages theory. D.I. 51 at 2. Thus, Breckenridge shall supplement its response to Interrogatory No. 6 to the extent relevant to its damages theory and/or to Hetero's damages theory.

9. Hetero's request to compel Breckenridge to comply with Hetero's RFP No. 57 ("RFP No. 57") is GRANTED-IN-PART and DENIED-IN-PART. RFP No. 57, as drafted, is too broad and requests documents and information not relevant to any claim or defense in this case and not proportional to the needs of this case. Breckenridge has agreed to "search for" and "produce non-privileged third-party communications" relevant and proportional to the damages' inquiry in this case. D.I. 52 at 3. Breckenridge shall supplement its document production accordingly.

10. All supplements and productions required by Hetero and/or Breckenridge in this Order shall be completed on or before April 15, 2025, unless the parties otherwise agree in writing.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE