# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BRECKENRIDGE PHARMACEUTICAL, INC.,

                    Plaintiff,

          v.

HETERO USA, INC., HETERO LABS LIMITED UNIT-III, HETERO LABS LIMITED, and CAMBER PHARMACEUTICALS, INC.,

                    Defendants.

C.A. No. 24-571-GBW

## SPECIAL MASTER OPINION AND ORDER

Plaintiff Breckenridge Pharmaceutical, Inc. moves to compel Defendants Hetero USA, Inc., Hetero Labs Limited Unit-III, Hetero Labs Limited, and Camber Pharmaceuticals, Inc. (collectively, "Hetero") to respond more fully to Breckenridge's Interrogatory Nos. 1-4.  D.I. 103.  For Interrogatory Nos. 1-2, Breckenridge requests the "equivalent of non-infringement contentions, including the basis therefor on a claim-by-claim basis as understood at the time Defendants filed their counterclaims."  Proposed Order at 1.  For Interrogatory Nos. 3-4, Breckenridge requests "the equivalent of invalidity contentions, including the basis therefore on a claim-by-claim basis as understood at the time Defendants filed their counterclaims."  *Id*.

Pursuant to Special Master Order #1 (D.I. 102), each side submitted a letter brief.  At my request, the parties also provided me with a copy of: (1) Breckenridge's final infringement contentions served on July 21, 2025; (2) Hetero's final invalidity contentions served on Aug. 14, 2025; and (3) Hetero's most current response to Breckenridge's non-infringement contention interrogatories (Nos. 21 and 22).

After reviewing the letter briefs and other materials, and finding that oral argument is

unnecessary, I grant Breckenridge's Motion for the reasons below.

## BACKGROUND

Interrogatory No. 1 on noninfringement reads:

Describe in detail the factual and legal bases and supporting evidence of which you were aware on July 19, 2024 to support your first counterclaim asserting that you do not infringe, induce the infringement of, or contribute to the infringement of claims 1, 8, 11, and 16 of U.S. Patent No. 11,013,729.

Interrogatory No. 3 on invalidity reads:

Describe in detail the factual and legal bases and supporting evidence of which you were aware on July 19, 2024 to support your second counterclaim asserting that U.S. Patent No. 11,013,729 is invalid for failing to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code §§ 101, et seq., including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or other judicially created bases for invalidation, further including obviousness-type double patenting.

Interrogatory Nos. 2 and 4 are analogues of Nos. 1 and 3 relating to the other asserted patent, the '142 patent. These are not run-of-the-mill contention interrogatories because, rather than seeking Hetero's current positions, they request the "factual and legal bases and supporting evidence of which [Hetero was] aware on July 19, 2024," the date Hetero filed its noninfringement and invalidity counterclaims.

Hetero's initial responses to Interrogatory Nos. 1-4 objected based on privilege and prematurity given the early stage of discovery, among other objections. (Breckenridge's July 11, 2025 letter brief at Ex. B.)

Breckenridge then moved to compel, arguing that "Breckenridge is entitled to know the facts and evidence supporting Defendants' counterclaims" "at the time of the pleading." D.I. 67 at 2.

Hetero responded by arguing that the requests were "not relevant or proportional to the needs of the case" and "improperly and prematurely seek[] privileged information." D.I. 66 at 1.

2

Hetero argued it had provided its noninfringement contentions in response to another interrogatory and its invalidity position in invalidity contentions served on Breckenridge. *Id*. at 2.

Judge Williams granted Breckenridge's initial motion to compel in an Oral Order on April 3, 2025. D.I. 71. The Court found that "Defendants' responses to Plaintiff Breckenridge's Interrogatories Numbers 1, 2, 3, and 4 are deficient" and ordered Hetero to supplement its responses "by explaining the bases for Defendants' asserted counterclaims, as Defendants understood the bases as of the filing of the counterclaims on July 19, 2024." *Id.* The Court did not find that Hetero had waived the attorney-client privilege or attorney work-product protection by filing counterclaims.

Hetero served supplemental responses on April 24, 2025. (Breckenridge's July 11, 2025 letter brief at Ex. C.)

In response to Interrogatory Nos. 1 and 2 on noninfringement, Hetero continued to object to providing its noninfringement positions based on the attorney-client privilege and work-product doctrine and as prematurely seeking discovery on Hetero's advice-of-counsel defense. Substantively, Hetero responded that "[a]s of July 19, 2024, Hetero was at least aware that one cannot infringe and invalid patent." (Breckenridge's July 11, 2025 letter brief, Ex. C at 7.)

In response to Interrogatory Nos. 3 and 4 on invalidity, Hetero continued to object to providing its invalidity positions based on the attorney-client privilege and work-product doctrine and as prematurely seeking discovery on Hetero's advice-of-counsel defense. (*Id.* at 10-23.) Substantively, Hetero provided a three-page list of prior art references it was aware of as of July 19, 2024. Hetero also responded that it was aware of certain other facts related to Pradaxa and of the prior art listed on the faces of the asserted patents.

3

On June 27, 2025, the parties stipulated that the deadline for Hetero to advise whether it will rely of advice of counsel and produce any opinion of counsel is September 12, 2025.  D.I. 98.

Breckenridge served final infringement contentions on July 21, 2025.  On August 14, 2025, Hetero supplemented its responses to Breckenridge's Interrogatory Nos. 21 and 22 seeking Hetero's noninfringement contentions.  Hetero's responses to these interrogatories went far beyond asserting that Hetero does not infringe because the patents are invalid.  Hetero's response to Interrogatory No. 21, for example, asserts that specific claim limitations from the '729 patent are not met by Hetero's ANDA Products (*e.g.*, "composition [comprising/consisting of] a mixture of at least two distinct types of particles" and "first type of particles" (*i.e.*, the dabigatran type) is "free from organic and inorganic acids").  Hetero's response to Interrogatory No. 22 is similar while also discussing why Hetero does not infringe the '142 patent under §§ 271(b) or (c).  Hetero's interrogatory responses also discuss why there is no infringement under § 271(g), no infringement under the doctrine of equivalents, and no willful infringement.

The same day, Hetero served final invalidity contentions.  *See* D.I. 109.  Hetero's 131-page final invalidity contentions detail the prior art and why the prior art allegedly renders the asserted claims invalid under §§ 102, 103, and 112, including discussion of specific obviousness combinations.   This goes far beyond the listing of prior art references provided in response to Interrogatory Nos. 3 and 4.

## DISCUSSION

I find that Hetero's responses to Interrogatory Nos. 1-4 require further supplementation to comply with the Court's Oral Order.

Hetero argues that its responses are complete because it has provided the ***factual*** bases

4

for its counterclaims.  But the interrogatories are not limited to "factual" bases—they seek both legal and factual bases.  Similarly, the Court's Oral Order did not limit its ordered supplementation to "factual" bases.  D.I. 71 (ordering supplementation as to "the bases").  Thus, Hetero must provide both the factual and legal bases for its counterclaims as of the time of filing.  That is what the Court ordered Hetero to do.

Hetero also argues that further supplementation is not proportional to the needs of the case.  Hetero made this same argument to the Court in response to Breckenridge's first motion to compel, and the Court rejected it and ordered Hetero to explain the bases for its counterclaims "as Defendants understood the bases as of the filing of the counterclaims on July 19, 2024."  Hetero did not move for reargument on that decision, and therefore it remains the law of the case.

Finally, Hetero argues that granting Breckenridge's motion will force Hetero to assert its advice-of-counsel defense before the agreed-on deadline of September 12, 2025.  I disagree.  The Court did not previously order, and I am not now ordering, that Hetero disclose or produce any attorney-client privileged or work-product protected information under *In re EchoStar Commc'ns Corp.,* 448 F.3d 1294 (Fed. Cir. 2006) and its progeny.  I am only ordering Hetero to supplement its responses to include the specific factual and legal bases for its counterclaims as of July 19, 2024.  Hetero need not make an advice-of-counsel election to comply.  To be clear, Hetero's compliance with this decision will not waive the attorney-client privilege or work-product protection or serve as an election to assert an advice-of-counsel defense.  Hetero will make that election by the agree-on deadline of September 12, 2025.

## CONCLUSION

For the reasons stated above, Breckenridge's motion to compel supplemental responses to

Interrogatory Nos. 1-4 is **GRANTED**.  On or before September 5, 2025, Hetero shall supplement its responses to Interrogatory Nos. 1-4 to identify the factual and legal bases for its noninfringement and invalidity counterclaims "as Defendants understood the bases as of the filing of the counterclaims on July 19, 2024."  D.I. 71.  Hetero's supplemental responses shall identify the portions of its noninfringement contention interrogatory responses (Nos. 21-22) and invalidity contentions served on August 14, 2025 that served as the bases for its counterclaims filed on July 19, 2024, along with identifying any other bases not identified in its current contentions.

       **IT IS SO ORDERED.**

Dated: August 19, 2025

                                      _____
                                      Special Master Chad S.C. Stover